Yazoo & M. V. R. R. Co. *v*. Bishop.

[66 South. 425.]

1. CARRIERS. *Assault by brakeman on passenger.  Question for jury. Damages.  Excessive verdict.*
   Where on the trial of a case there is a material conflict in the testimony, the case should be submitted to a jury.

2. CARRIERS. *Damages.  Excessive verdict.*
   Under the facts as shown in the evidence in this case a verdict for four thousand seven hundred and fifty dollars was excessive.

APPEAL from the circuit court of Bolivar county.  ·

HON. T. B. WATKINS, Judge.

Suit by J. Watt Bishop against the Yazoo & Mississippi Valley Railroad Company.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Cob Barch* and *Mayes & Mayes*, attorneys for appellant.

*Sillers, Owens & Sillers*, attorneys for appellee.

REED, J., delivered the opinion of the court.

J. Watt Bishop brought suit against the Yazoo & Mississippi Valley Railroad Company for the sum of ten thousand dollars, which he claimed as damages "by reason of the willful, wanton, malicious, and insulting language and forcible assault by the agent of the defendant, to wit, the flagman or brakeman."  Mr. Bishop claimed that the flagman willfully and wantonly refused to permit him to board a train, and also in a "rude, angry, threatening, and insulting manner laid hold" of him, and attempted by force and violence to eject him from the train.  The jury awarded damages in the sum of four thousand, seven hundred and fifty dollars.

It appears from the evidence that appellee, Mr. Bishop, was about to board the train when the flagman asked him for his ticket.  Appellee raised his hand with the ticket

in the palm. The flagman did not deem this a sufficient showing of the ticket, and would not permit appellee to enter the train, telling him that he could not get on until he showed his ticket. Appellee, acting upon the advice of an attorney, who was near by then put the ticket in the band of his hat and stood about six feet from the car entrance, until the saw the flagman put his stool on the platform, give the signal to go, get up on the train, which was vestibuled, remove the bar, and close the door. Then appellee sprang forward, shoved the door up, and got on the train. The flagman again demanded appellee's ticket, and said that he would put appellee off the train. Appellee pointed to the ticket in his hat, and, when the flagman reached for it, would not allow him to take it. A scuffle between the two men followed, and continued until a friend of appellee led him to a seat.

It appears from the evidence that the flagman was insisting on getting the ticket in to his hands and then reading it, and that appellee was determined not to part with the actual possession of the ticket. The flagman testified that it was his duty to discharge and receive passengers, and that he was under instructions from the company to make all passengers show their transportation before allowing them to board the train. This is a reasonable regulation. Appellee testified that he knew of the rule. The question of the sufficiency of the exhibition of the ticket by appellee to the flagman was for the jury. Appellee testified that he did show the ticket, and in this he was corroborated by another witness, Mr. Edwards. The flagman denied the exhibition of the ticket as testified to by appellee. The evidence relative to the showing of the ticket was in conflict. From the testimony it cannot be said with certainty that the ticket was not sufficiently exhibited. So likewise it was for the jury to decide, from the evidence, whether or not the flagman's conduct was capricious, arbitrary, and contrary to the rule of the company, which required him to call the at-

tention of a passenger to the rules of the company in a quiet and gentlemanly manner, without attracting unnecessary attention, and required him to avoid altercation or dispute.

The only assignment of error by appellant which we deem of force is that of excessive verdict. It cannot be said from the proof that the appellee was free from fault in his conduct during the occurrence. It is not unreasonable to say that appellee might have shown more forbearance with the flagman and more consideration of his demands to see the ticket. The evidence shows a scuffle or altercation between the two men over the possession of a ticket, which resulted from a demand by the company's agent to see the passenger's ticket, and apparently his contention that he should be allowed to take it into his posssesion, and from a determination on the part of the passenger not to permit the ticket to go out of his actual possession. From a view of all of the evidence in this case, we do not see such injury sustained by appellee, or such misconduct by the appellant's agent, as to justify the award of so large a verdict as was returned. We consider the verdict excessive to the extent that it shows passion or prejudice on the part of the jury.

For this reason we reverse and remand the case, unless appellee will enter a remittitur reducing the verdict to the amount of five hundred dollars, in which event the case will be affirmed. If remittitur is not entered, the judgment of the court is reversed, in so far as it fixes the amount of damages to be recovered. In all other respects the judgment will be affirmed, and remain in full force and effect, and the case will be remanded only for the purpose of ascertaining the amount of damages to be recovered by appellee.

*Affirmed conditionally.*